## Smith v. Brown

*George W. Ellis* and *Leo A. Achterman*, for plaintiff.
*R. L. Merwine*, for defendant.

SHULL, P. J., March 7, 1932.—This matter is before the court on a rule to show cause why the action should not be abated.

It is urged by defendant that this action abated with the death of the plaintiff. In support of this contention, defendant's counsel cites no authority in point. While under the common law this and other personal actions abate with the death of the plaintiff, this rule has gradually been modified by statute.

Defendant in support of his contention cites the Act of June 24, 1895, P. L. 236, and further cites the case of Sunanday v. McKently, 244 Pa, 533, where it was held that a suit for criminal conversation was not within the provisions of the Act of 1895. But neither this act of assembly nor the decision there cited is in point, for the Act of 1895 relates alone to actions for injury wrongfully done to the person and an action of the character now before us is not within that category. The defendant likewise cites the Fiduciaries Act of June 7, 1917, P. L. 447, 504, Sec. 35; but, as we view it, this act is directly in the face of defendant's contention. This act provides:

"Section 35. (a) No personal action hereafter brought, except actions for slander and for libel, and no action for mesne profits or for trespass to real property, shall abate by reason of the death of the plaintiff or the defendant; but the executor or administrator of the deceased party may be substituted as plaintiff or as defendant, as the case may be, and the suit prosecuted to final judgment and satisfaction."

Clearly, under the provisions of this section, an action for damages for alienation of the affections of a wife is not abated by the death of the plaintiff.

And now, March 7, 1932, rule to show cause why action should not be abated is discharged.                                From C. C. Shull, Stroudsburg, Pa.